**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOWARD LEON WASHINGTON,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | ) Case No. EDCV 14-0045-MMM (JPR)<br>)<br>)<br>)<br>) ORDER ACCEPTING FINDINGS AND<br>) RECOMMENDATIONS OF U.S.<br>) MAGISTRATE JUDGE<br>)<br>)<br>)<br>)<br>) |

　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, Joint Stipulation, Administrative Record ("AR"), and all other records on file as well as the Report and Recommendation of U.S. Magistrate Judge ("R&R").  Plaintiff filed objections to the R&R on March 30, 2015, and amended objections on April 8.  On April 13, 2015, Defendant filed a response.  The Court has made a de novo determination of those portions of the R&R to which Plaintiff objected.

　　　Although many of Plaintiff's objections simply repeat arguments in the Joint Stipulation — and the Court need does address them because they were adequately considered in the R&R — certain of his contentions warrant discussion.

1

Plaintiff contends that the Magistrate Judge erred in upholding the ALJ's credibility determination regarding his testimony. (Objections at 1-6.) He asserts that the Magistrate Judge incorrectly cited the "substantial evidence standard" as the "standard of review" in evaluating an ALJ's adverse credibility finding. (Id. at 1-2.) The Magistrate Judge correctly identified the governing legal principle (see R&R at 14-15): an ALJ's rejection of a claimant's testimony must be "supported by substantial evidence under the clear-and-convincing standard." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1161 (9th Cir. 2008). Contrary to Plaintiff's assertions (Objections at 2), she also correctly noted that an ALJ may not reject a claimant's testimony solely because there is no showing that the impairment can reasonably produce the degree of symptoms alleged (R&R at 14 (quoting Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996)). She then explained why the numerous other reasons the ALJ provided for discrediting plaintiff's testimony were appropriate and sufficient. (R&R at 15-19.)

Plaintiff asserts that he did not take prescribed pain medication because he "is afraid to take multiple medications including strong pain medications due to concerns about his kidneys" (Objections at 5); as the Magistrate Judge observed, however, none of his treating physicians advised against taking both pain and kidney medications (R&R at 17); indeed, they were prescribed at approximately the same time (see AR 730-31). See Thomas v. Barnhart, 278 F.3d 947, 960 (9th Cir. 2002) (in affirming ALJ's adverse credibility finding, rejecting plaintiff's argument that ALJ improperly excluded side effects of

pain medication because she offered no objective medical evidence of side effects and instead offered only her testimony at hearing and own statements to doctor); Molina v. Astrue, 674 F.3d 1104, 1113-14 (9th Cir. 2012) (holding that ALJ may rely on claimant's failure to assert "good reason" for not seeking treatment as reason to discount credibility); SSR 96-7p, 1996 WL 374186, at *7 (July 2, 1996) (claimant's "statements may be less credible . . . if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure"). He also reasserts his argument regarding Social Security Ruling ("SSR") 82-59 (Objections at 4-5), but fails to address the Magistrate Judge's correct observation that "he has no right to enjoy the protections of SSR 82-59" because the ALJ's nondisability determination was not based solely on his failure to follow prescribed treatment. (R&R at 16 n.12 (quoting Roberts v. Shalala, 66 F.3d 179, 183 (9th Cir. 1995) (as amended)); see AR 40 (ALJ stating that failure to follow prescribed treatment was "not the primary basis for the decision in this case").) Indeed, the ALJ relied on Plaintiff's failure to follow prescribed treatment as a reason to discount his credibility, not to find that he was not disabled. This was not error. Molina, 674 F.3d at 1113 ("We have long held that, in assessing a claimant's credibility, the ALJ may properly rely on unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." (internal quotation marks omitted)).

  Plaintiff misreads the Magistrate Judge's recitation of evidence of postsurgery improvement. He asserts that the

Magistrate Judge relied on an assessment from 2010 regarding improvement from "the prior 2009 surgery." (Objections at 5.) Although the Magistrate Judge did cite Dr. Moulton's treatment note from October 2010, she also cited and discussed, among other things, Dr. Wood's examination notes from March 2011, which showed that Plaintiff was able to squat fully and had only a "slight antalgic component" to his gait.[1] (R&R at 18; see AR 699.) In any event, Plaintiff had surgery on his left knee in March 2010 (see AR 692), so any evidence after that date showing minor improvement was relevant to the Magistrate Judge's analysis of the ALJ's rejection of Plaintiff's testimony. Because the Magistrate Judge identified substantial evidence in the record to support each of the ALJ's reasons, she did not err in upholding the ALJ's credibility determination.[2]

Given that — as the Magistrate Judge found — the ALJ did not err in discounting Plaintiff's claims of disabling pain, most of the rest of his arguments necessarily fail because they are based on the existence of such pain. (See, e.g., Objections at 5 (asserting that Plaintiff has "ongoing painful gait"), 6 ("Plaintiff continued to experience painful ambulation").) Plaintiff contends that the Magistrate Judge erred in upholding the ALJ's assessment of the findings and opinions of treating

---

[1] Contrary to Plaintiff's assertion (Objections at 7), these findings relate to the left knee as well as the right.

[2] It is unclear what Plaintiff means by "the prior 2009 surgery." (Objections at 5.) Although he testified at the hearing that he last had surgery on his left knee in 2009 (AR 59), Plaintiff apparently reported to Dr. Moulton in September 2010 that he had had left-knee surgeries in 2005 and 2010 and a right-knee surgery in 2007 (AR 647-48).

physician Dr. Moulton and consultative examining physician Dr. Wood. (<u>Id.</u> at 6-7.) He misconstrues the Magistrate Judge's discussion of Dr. Moulton's findings, asserting that she deemed all of Dr. Moulton's findings "not relevant." (<u>Id.</u>) In fact, the Magistrate Judge confined her analysis only to those of Dr. Moulton's findings that the ALJ rejected in her decision as "not relevant" — that is, conclusions that Plaintiff was "temporarily totally disabled." (R&R at 22-23; AR 43.) The ALJ emphasized that although she rejected those conclusions, in determining Plaintiff's RFC she had considered the "objective clinical and diagnostic evidence used by [Dr. Moulton] to come to that conclusion." (AR 43.)

Plaintiff reasserts his arguments regarding Dr. Wood's opinion that he was capable of "semi-sedentary work." (Objections at 7.) But as the R&R explained, Dr. Wood made that statement in the context of Plaintiff's worker's compensation case, and because worker's compensation guidelines are not based on the claimant's strength but on whether he sits, stands, or walks for most of the day, the ALJ properly gave "some weight, but not significant weight," to Dr. Wood's opinion. (R&R at 24 n.15); <u>see</u> <u>Desrosiers v. Sec'y of Health & Human Servs.</u>, 846 F.2d 573, 576 (9th Cir. 1988) ("light," "semi-sedentary," and "sedentary" categories under California worker's compensation system are not "based on strength," unlike work categories under Social Security disability law, which are "differentiated primarily by step increases in lifting capacities"); <u>Booth v. Barnhart</u>, 181 F. Supp. 2d 1099, 1104-05 (C.D. Cal 2002). Plaintiff also mischaracterizes the R&R as addressing only

5

evidence regarding his right knee. (Objections at 7.) On the contrary, the Magistrate Judge specifically noted that the ALJ credited Dr. Wood's functional assessment as to Plaintiff's right knee in her RFC determination but rejected that as to his left knee. (R&R at 23-24; AR 43.)

Citing SSR 96-6p, Plaintiff argues that because he submitted additional medical evidence after his applications were denied on reconsideration, the "opinions of the State Agency consultants were based on incomplete information" and the ALJ erred in relying on those opinions without obtaining an updated opinion from a medical expert. (Objections at 6.) But SSR 96-6p requires an ALJ to obtain an updated opinion from a medical expert only "[w]hen additional medical evidence is received that in the opinion of the administrative law judge . . . may change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments." 1996 WL 374180, at *4 (July 2, 1996). The medical records Plaintiff submitted at the ALJ level (AR 722-874) contained mostly the same medical evidence presented at the state-agency level, with the exception of Dr. Wood's September 28, 2011 medical-records review for Plaintiff's worker's compensation case, which did not contain any medical findings (AR 734-41), and Dr. Moulton's December 29, 2011 treatment notes, in which she found that Plaintiff could in fact "return to modified duty" (AR 761). Thus, Plaintiff has not shown that the ALJ should have found that the additional evidence would have changed the opinion of the state-agency physicians who reviewed Plaintiff's case, and his contention has no merit. See

Davoodianes v. Astrue, No. CV 11-5262-AGR, 2012 WL 2373431, at *2-3 (C.D. Cal. June 22, 2012) (ALJ did not violate SSR 96-6p in failing to obtain updated medical-expert opinion because plaintiff did not show that he met or equaled Listing).

In this case, whether Plaintiff's knee problems and other impairments met or equaled Listing 1.02 is a closer question. (See R&R at 28-35.) Although the ALJ found that Plaintiff could only "rarely" walk on uneven surfaces (AR 38), other evidence indicated that Plaintiff did not have an "extreme limitation of the ability to walk" as required by 20 C.F.R. part 404, subpart P, appendix 1, section 1.00(B)(2)(b): i.e., the fact that he was never prescribed or even recommended a cane or crutches, his conflicting statements regarding his ability to walk and do daily activities, the ALJ's proper rejection of his subjective pain testimony, and the modest improvement in his left knee following surgery (R&R at 34). Plaintiff bears the burden of proving he has an impairment that meets or equals a Listing, Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005), and as the case law instructs, "[i]f the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick v. Chater, 157 F.3d 715, 720-21 (9th Cir. 1996); see also Burch, 400 F.3d at 679 (when evidence is susceptible of more than one rational interpretation, ALJ's conclusion must be upheld). Accordingly, the Magistrate Judge did not err in recommending that the Commissioner be affirmed.

 1         Having reviewed the record, the Court concurs with and
 2    accepts the Magistrate Judge's recommendations.  IT THEREFORE IS
 3    ORDERED that judgment be entered affirming the decision of the
 4    Commissioner and entering judgment in her favor.
 5
 6    DATED: September 7, 2015           *Margaret M. Morrow*
 7                                       MARGARET M. MORROW
                                         U.S. DISTRICT JUDGE